IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:21-cv-823-K |
| V. | § | |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Fiesta Mart, LLC ("Fiesta Mart"), has filed a Motion for Summary Judgment on all claims brought by Plaintiff Margaret Lopez, *see* Dkt. No. 25, which United States District Judge Ed Kinkeade has referred to the undersigned Magistrate Judge for hearing, if necessary, and findings and recommendation, *see* Dkt. No. 42. Lopez has filed a response, *see* Dkt. No. 31, and Fiesta Mart has filed a reply, *see* Dkt. No. 41.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Defendant's motion for summary judgment.

**Background**

This case concerns an alleged slip and fall Plaintiff Margaret Lopez suffered at Defendant Fiesta Mart, LLC's ("Fiesta Mart") grocery store in Dallas, Texas. *See* Dkt. No. 1-3, Ex. C. Lopez contends that, while shopping at Fiesta Mart on November 4, 2019, she stepped on a wet part of the floor, slipped, and fell.

On March 9, 2021, Lopez filed suit against Fiesta Mart in County Court at Law No 1 in Dallas County, Texas, asserting a premises liability claim against Fiesta Mart, *see id.*, which Fiesta Mart timely removed to federal court on April 1, 2021, *see* Dkt. No. 1.

Fiesta Mart now moves for summary judgment on the basis that, "[a]fter over a year of suit and the expiration of the discovery period … Plaintiff has produced no evidence that: Defendant knew or should have known of the alleged water on the floor at Fiesta Mart, no evidence of how long the water existed before Plaintiff's incident, and no evidence that the incident ever even occurred." Dkt. No. 26 at 1.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625

(5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [his or their] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

"[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof … that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a

finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

### I. Competency of Summary Judgment Evidence

As an initial matter, Fiesta Mart argues that the Affidavit of Margaret Lopez and deposition of Dr. Paul Saadi Lopez offers in support of her Response are not competent summary judgment evidence and should not be considered. *See* Dkt. No. 41 at 3. Because the undersigned determines that Lopez cannot survive summary judgment regardless of whether this evidence is considered, the Court should decline to address these arguments.

### II. The Court Should Grant Fiesta Mart Summary Judgment

Fiesta Mart moves for summary judgment, asserting that Lopez has put forth no evidence that Fiesta Mart had actual or constructive notice of the existence of the dangerous condition; no evidence of how long the water existed before Lopez allegedly fell; and no evidence that the incident occurred at all. *See* Dkt. No. 26 at 1.

The essential elements of a premises liability cause of action are (1) the existence of a condition on the premises creating an unreasonable risk of harm to invitees; (2) the owner had actual or constructive knowledge of some condition on the premises; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the failure to exercise reasonable care was the proximate cause of the injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

To prevail on element two – the notice element – "[a] slip-and-fall plaintiff ... [must establish] that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Fiesta Mart argues that there is no evidence that any employee knew there was water on the floor, nor evidence that the water existed on the floor long enough that Fiesta Mart could or should reasonably have discovered it.

Lopez testified in her deposition that she did not see any employee put water on the floor; she did not know how long the floor had been wet; and no employee told her they were aware that the floor was wet before the incident. *See* Dkt. No. 27, Ex. A at 12.

Fiesta Mart has met its burden, and Lopez must allege facts demonstrating that there is a genuine issue for trial.

Lopez argues in response that Fiesta Mart's knowledge of the alleged condition may be inferred from the fact that a man who appeared to be an employee was standing with a mop nearby where she slipped and fell. But this is nothing more than an "[u]nsubstantiated assertion[], improbable inference[], and unsupported speculation" that cannot support an opposition to summary judgment. *Brown,* 337 F.3d at 541.

As an initial matter, Lopez offers no evidence supporting her underlying allegation that a man with a mop was standing near her when she fell. But, even if this Court (1) accepted that this man was present for her fall; (2) accepted that the submitted photo of an unidentifiable person holding a mop purportedly taken during Lopez's counsel's January 25, 2022 inspection of Fiesta Mart is the same employee Lopez allegedly saw holding a mop after falling, and (3) accepted the photo as competent summary judgment evidence, there is still no proof that he or any other employee put the wet substance on the ground or knew about the wet ground before Lopez slipped. Lopez herself admits that she has no direct knowledge or evidence that an employee mopped the ground; this explanation for her fall is based on her assumption that the man with the mop "must have just got through mopping that part of the floor where [she] slipped and fell." Dkt. No. 17, Ex. A at 12.

Without any evidence that the ground was wet, that an employee knew the ground was wet, or that the ground had been wet for a sufficiently long time such that Fiesta Mart should have reasonably discovered the issue, Lopez is left with only the allegations in her pleadings, which are insufficient to survive a motion for summary judgment.

Because Lopez fails to offer evidence supporting – and there is therefore there is no genuine dispute as to any material fact as to – an essential element of her premises liability claim, the Court should grant Fiesta Mart summary judgment.

## Recommendation

For the reasons and to the extent explained above, the Court should grant Defendant's Motion for Summary Judgment [Dkt. No. 25] and dismiss Plaintiff's claims and, in so doing, deny as moot Defendant's Motion to Strike Dr. Paul Saadi from Testifying on Medical Billing [Dkt. No. 28].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE